1  Michael G. Marderosian, No. 077296
   Heather S. Cohen, No. 263093
2  MARDEROSIAN & COHEN
   1260 Fulton Street
3  Fresno, CA 93721
   Telephone: (559) 441-7991
4  Facsimile: (559) 441-8170

5  Virginia Gennaro, No. 138877
   City Attorney
6  CITY OF BAKERSFIELD
   1501 Truxtun Avenue
7  Bakersfield, CA 93301
   Telephone: (661) 326-3721
8  Facsimile: (661) 852-2020

9  Attorneys for: Defendants CITY OF BAKERSFIELD and JOSEPH GALLAND

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS FLORES,<br><br>          Plaintiffs,<br><br>     v.<br><br>CITY OF BAKERSFIELD;<br>JOSEPH GALLAND; and<br>DOES 1 to 10, inclusive,<br><br>          Defendants. | Case No. 1:17-CV-01393-JLT<br><br>**JOINT STATEMENT OF UNDISPUTED FACTS RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>DATE: November 25, 2019<br>TIME: 9:30 a.m.<br>JUDGE: Jennifer L. Thurston |

Pursuant to Local Rule 260 and the Court's Scheduling Order, Plaintiff Jesus Flores and Defendants City of Bakersfield and Joseph Galland submit the following Joint Statement of Undisputed Facts Re Defendants' Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment. The joint facts will be subject to the Rule 260 stipulation: "the parties so stipulating may state that their stipulations are entered into only for the purposes of the motion for summary judgment and are not intended to be otherwise binding."

///

///

///

**UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE:**

1. On May 21, 2015, at approximately 4:14 p.m., Bakersfield Police Officer Helmuth Achtmann was dispatched to 8709 Domingo Street to assist Bakersfield City Fire Department personnel regarding a request for medical aid for a two-month old boy (referred to herein as M.F.) who had trouble breathing.

   Supporting Evidence:

   See accompanying Declaration of Helmuth Achtmann ("Achtmann Decl."), ¶ 2.

2. When Officer Achtmann arrived, M.F. was en route to Bakersfield Memorial Hospital via Hall Ambulance.

   Supporting Evidence:

   Achtmann Decl., ¶ 3; Hall Ambulance Record, Exhibit ("Ex.") 1 to the accompanying Declaration of Michael G. Marderosian ("MGM Decl.").

3. At approximately 5:15 p.m., Bakersfield Police Detective Joseph "Mitch" Galland was contacted by Bakersfield Police Department Sergeant Burdick and advised that there was a possible child abuse incident and that the baby was at Memorial Hospital.

   Supporting Evidence:

   Deposition of Joseph Galland ("Galland Depo"), p. 21:24-22:14, Ex. 2 to MGM Decl.

4. Detective Galland prepared a report detailing his investigation into this incident.

   Supporting Evidence:

   Declaration of Joseph Galland ("Galland Decl."), Ex. A thereto; Police Report, Ex. 3 to MGM Decl.

5. Dr. Naven told Detective Galland he did not believe the bruising on M.F.'s cheeks was caused by CPR.

   Supporting Evidence:

   Galland Decl., ¶ 5; Naven Depo. 1, pp. 66:18-67:2, 77:8-15, Ex. 4 to MGM Decl.

6. Detective Galland proceeded to make contact with M.F.'s mother, Sara Guzman. This interview was digitally recorded and booked into evidence and detailed in Detective Galland's report.

   Supporting Evidence:

   Galland Decl., ¶ 6; Galland Report, Ex. A to Galland Decl.

7. Detective Galland also obtained a medical release for M.F.'s medical records from Bakersfield Memorial Hospital from Ms. Guzman.

   Supporting Evidence:

   Galland Decl., ¶ 6.

8. Detective Galland took a copy of the CT Imaging Report so that it could be booked into evidence.

   Supporting Evidence:

   Galland Decl., ¶ 7.

9. WITHDRAWN.

10. During interviews, Detective Galland learned that Christopher Guzman and Jose Mendez were gone from the house from around 5 a.m. until after M.F. had been taken to the hospital.

    Supporting Evidence:

    Galland Decl., ¶ 10c-d; Police Report, Ex. 3 to MGM Decl.; Transcript of interview of Christopher Guzman ("CG Interview"), Ex. 6 to MGM Decl.; Transcript of interview of Jose Mendez ("JM" Interview"), Ex. 7 to MGM Decl.

MARDEROSIAN & COHEN
1260 FULTON STREET
FRESNO, CA 93721

3

11. Sara Guzman stated that Jesus Flores initially called her while she was at the Farmer's Market and said "the baby's not breathing". She directed him to call 911.

Supporting Evidence:

Galland Decl., ¶ 10f; Police Report, Ex. 3 to MGM Decl.; SG Interview, Ex. 8 to MGM Decl.

12. The interview of Mr. Flores lasted 85 minutes.

Supporting Evidence:

JF Interview, Ex. 13 to MGM Decl.; Video of JF Interview, Ex. 25 to MGM Decl.

13. On May 22, 2015, Detective Galland received medical reports on M.F. from Valley Children's Hospital, where M.F. had been transferred.

Supporting Evidence:

Galland Decl., ¶ 12; Records of Valley Children's Hospital, Ex. 14 to MGM Decl.

14. Over the weekend, Detective Galland was advised that M.F.'s condition had worsened and that M.F. had numerous seizures and had been placed on seizure medication and remained on a ventilator. This was detailed in Detective Galland's report.

Supporting Evidence:

Galland Decl., ¶ 12; Records from Valley Children's Hospital, Ex. 14 to MGM Decl.; Police Report, Ex. 3 to MGM Decl.

15. On May 25, 2015, Detective Galland received notification from Valley Children's Hospital that M.F.'s eye exam revealed numerous retinal hemorrhages and the child had likely suffered severe irreversible brain damage. This was detailed in Detective Galland's report.

    Supporting Evidence:

    Galland Decl., ¶ 13; Records from Valley Children's Hospital, Ex. 14 to MGM Decl.; Police Report, Ex. 3 to MGM Decl.

16. On May 26, 2015, Detective Galland received a message from Genoveva Ramirez who indicated she found another photograph, which she estimated was taken May 14, 2015, which showed a broken blood vessel in M.F.'s left eye. This was detailed in Detective Galland's report.

    Supporting Evidence:

    Galland Decl., ¶ 14.

17. Detective Galland called Ms. Ramirez and asked for a copy of the photo and also asked to speak with Sara Guzman again. This was detailed in Detective Galland's Report.

    Supporting Evidence:

    Galland Decl., ¶ 14; Police Report, Ex. 3 to MGM Decl.

18. Ms. Ramirez and Ms. Guzman came to the Bakersfield Police Department at about 3 p.m. Detective Galland obtained consent to search Ms. Ramirez's cell phone and to obtain the subject photograph. This was detailed in Detective Galland's report.

    Supporting Evidence:

    Galland Decl., ¶ 15; Police Report, Ex. 3 to MGM Decl.

19. At the outset of the interview, Detective Galland obtained a medical release to obtain M.F.'s records from San Joaquin Memorial Hospital, Bakersfield Memorial Hospital, and Kaiser Medical.

    Supporting Evidence:

    Galland Decl., ¶ 15; Police Report, Ex. 3 to MGM Decl.

20. The May 20, 2015 Interview of Jesus Flores lasted 82 minutes.

    Supporting Evidence:

    Police Report, Ex. 3 to MGM Decl.; JF Interview, Ex. 13 to MGM Decl.; Video of JF Interview, Ex. 26 to MGM Decl.

21. On May 29, 2015 at approximately 4:22 p.m., Detective Galland submitted the Kern County Arietis form stating as follows:

    On 4/21/15 the victim, a 2 month old infant, was brought to the hospital in respiratory distress and with bruises on his face. Medical testing revealed the child had an acute brain injury. Follow-up medical testing showed numerous prior brain injuries and fractures in various states of healing. Medical experts have determined the child has suffered severe, permanent brain injury, and is currently in a coma being kept alive with a ventilator. Medical experts determined the child had suffered the most recent brain injuries as little as 10 minutes prior to the onset of the respiratory distress that prompted the call to 911. The only person alone with the child during the time period the injury occurred was the father, JESUS FLORES. Under Miranda, JESUS FLORES admitted to shaking the baby due to his frustration.

Supporting Evidence:

Probable Cause Declaration, Ex. 15 to MGM Decl.

22. The Probable Cause Declaration was "Approved by Judge on May 29, 2015 at 5:02 p.m." and signed by Judge Brian McNamara on May 30, 2015 at 12:02 a.m.

Supporting Evidence:

Probable Cause Declaration, Ex. 15 to MGM Decl.

23. On June 1, 2015, Detective Galland talked to Jesus Flores's sister in law, Maria Guillen. This interview was video recorded and put into evidence. Ms. Guillen reiterated that Sara Guzman thought that her mother, Genoveva Ramirez, had caused injuries to M.F. This was detailed in Detective Galland's Police Report.

Supporting Evidence:

Galland Decl., ¶ 19; Police Report, Ex. 3 to MGM Decl.

24. Detective Galland's police report states "Dr. Hyden said the brain injury most likely occurred no more than 10 minutes prior to the onset of the respiratory failure."

Supporting Evidence:

Police Report, Ex. 3 to MGM Decl.

25. On June 2, 2015, a criminal complaint was filed and Mr. Flores was arraigned. A "Pre-Preliminary Hearing" was set for June 11, 2015 at 9 a.m. and a Preliminary Hearing was set for June 12, 2015 at 8 a.m. Judge Michael Bush set the bail at $1,000,000 and issued a "criminal protective order" preventing Mr. Flores from having any contact with Mason Flores.

    Supporting Evidence:

    June 2, 2015 Hearing Transcript at p. 3:5-26, Ex. A to accompanying Request for Judicial Notice ("RJN").

26. On October 21, 2015, the Preliminary Hearing was held in *People v. Jesus Flores*, Case No. BF160324A. Mr. Flores was represented by counsel, David Faulkner.

    Supporting Evidence:

    October 21, 2015 Preliminary Hearing Transcript, Ex. E to RJN.

27. The District Attorney called two witnesses at the Preliminary Hearing and Mr. Flores's counsel called no witnesses. Bakersfield Police Officer Helmuth Achtmann was the first witness called and testified about his being dispatched to the subject residence on May 21, 2015 and his communications with Mr. Flores.

    Supporting Evidence:

    October 21, 2015 Preliminary Hearing Transcript at pp. 00007-00013, Ex. E to RJN.

28. Mr. Flores's attorney, David Faulker, proceeded to cross examine Detective Galland about the interviews with Mr. Flores and asked Detective Galland to describe the shaking that Mr. Flores demonstrated.

    Supporting Evidence:

    October 21, 2015 Preliminary Hearing Transcript at pp. 00029:22-00030:9, Ex. E to RJN.

29. In addition, Mr. Faulker established that M.F. had bruises on his face prior to the date in question.

    Supporting Evidence:

    October 21, 2015 Preliminary Hearing Transcript at pp. 00035:25-00036:25, 00040:5-20, Ex. E to RJN.

30. WITHDRAWN

31. WITHDRAWN.

32. WITHDRAWN.

33. WITHDRAWN.

34. Mr. Flores did not testify at either the preliminary hearing or the criminal trial.

    Supporting Evidence:

    Flores Depo., p. 37:6-15, Ex. 18 to MGM Decl.

Dated:  October 21, 2019                MARDEROSIAN & COHEN

                                        By: */s/ Michael G. Marderosian*
                                            Michael G. Marderosian,
                                            Attorney for Defendants above-named.

Dated:  October 21, 2019                LAW OFFICE OF THOMAS C. SEABAUGH

                                        By: */s/ Thomas C. Seabaugh*
                                            Thomas C. Seabaugh,
                                            Attorney for Plaintiff