1    Michael G. Marderosian, No. 077296
     Heather S. Cohen, No. 263093
2    MARDEROSIAN & COHEN
     1260 Fulton Street
3    Fresno, CA 93721
     Telephone: (559) 441-7991
4    Facsimile: (559) 441-8170

5    Virginia Gennaro, No. 138877
     City Attorney
6    CITY OF BAKERSFIELD
     1501 Truxtun Avenue
7    Bakersfield, CA  93301
     Telephone:  (661) 326-3721
8    Facsimile:  (661) 852-2020

9    Attorneys for: Defendants CITY OF BAKERSFIELD and JOSEPH GALLAND

10
                        UNITED STATES DISTRICT COURT
11
                        EASTERN DISTRICT OF CALIFORNIA
12

13   JESUS FLORES,                        )    Case No.  1:17-CV-01393-JLT
                                          )
14               Plaintiffs,              )    **DECLARATION OF CURTIS J. COPE**
                                          )    **IN SUPPORT OF DEFENDANTS'**
15        v.                              )    **MOTION FOR  SUMMARY**
                                          )    **JUDGMENT OR, IN THE**
16   CITY OF BAKERSFIELD;                 )    **ALTERNATIVE, PARTIAL SUMMARY**
     JOSEPH GALLAND; and                  )    **JUDGMENT**
17   DOES 1 to 10, inclusive,             )
                                          )    **DATE:  November 25, 2019**
18               Defendants.              )    **TIME:  9:30 a.m.**
                                          )    **JUDGE:  Jennifer L. Thurston**
19

20        I, Curtis J. Cope, hereby declare as follows:

21        1.       I am a retired police officer (effective 10-30-97), attaining the rank of Lieutenant for

22   the City of Huntington Beach, California.  Some of the assignments that he has worked were Patrol

23   Officer, Motor Officer, Field Training Officer, SWAT Officer, Special Enforcement Unit Officer,

24   Helicopter Observer, Background Investigator, Patrol Sergeant, FTO Supervisor, SWAT Supervisor,

25   Motor Sergeant, Accident Investigation Sergeant, Special Enforcement /Gang Detail Sergeant, Watch

26   Commander, SWAT Commander, COP Area Commander and General Investigation Bureau

27   Commander.  In addition, Mr. Cope is a certified POST instructor.  I am a certified Master Instructor

28   by the State of California Commission on Peace Officers Standards and Training (POST). I was

MARDEROSIAN & COHEN
1 260 FULTON STREET
FRESNO, CA 9372 1

1   granted a Lifetime California Department of Education Teaching Credential, Community College

2   level, in 1976, which certifies him to teach and train law enforcement personnel at Colleges and POST

3   Commission approved training facilities. I am a consultant for POST in the Robert Presley Institute

4   of Criminal Investigation, Instructor Update Course, where he provides training for law enforcement

5   personnel in how to develop training and teaching techniques. I also acted as a consultant for POST

6   in course and curricula development, mentoring, recommended training changes, assisted in

7   tele-course productions and training procedures. I also continue training in the field on a regular basis

8   to keep abreast with issues facing law enforcement. He has trained over 15,000 police personnel.  A

9   copy of my curriculum vitae, which expands on my qualifications, is attached hereto as Exhibit A.

10          3.      I was retained as a consultant in this matter on or about October 23, 2018.

11          4.      I have reviewed all relevant documents, discovery, and depositions in this matter.

12  Based upon my careful review of the documents in this case and research materials contained therein,

13  I now offer the following competent expert testimony concerning the police practices and procedures

14  apparent in the case, to wit:

15          a.      Any reasonable officer would evaluate the information, physical evidence and

16  statements provided and determine there was possible child abuse involved in this call for service.

17  It is also his opinion based upon the fact pattern of the call for service it would be expected that a

18  detective response would be appropriate and it comports with Bakersfield Police Department policy.

19  It is also his opinion it would be appropriate for additional law enforcement personnel to respond to

20  the hospital to inquire further regarding M.F.'s condition and injuries.

21          b.      Any reasonable detective would consider the information supplied by the

22  medical personnel as part of the basis for continuing to conduct a child abuse investigation. Law

23  enforcement is not expected to be able to diagnose a child's injuries; however; it is expected that law

24  enforcement will rely on the expertise of the medical professionals treating a child to provide some

25  basis for considering that M.F. was possibly a victim of child abuse and that a continued criminal

26  investigation was warranted.

27          c.      The securing of a search warrant demonstrates Bakersfield Police Department's

28  handling of the investigation comports to expected police procedures to assist detectives in

1 establishing whether a crime had occurred, seize possible evidence, as well as identifying possible

2 suspect(s) involved in the child's abuse.

3        d.    The investigation record reflects that Jesus Flores was the only person who was

4 present with M.F. at the time that the injuries are likely to have occurred. In his opinion the

5 investigative steps taken by Galland and other detectives during this time frame were appropriate

6 investigative steps for a reasonable detective. It is further his opinion that the focus of the investigation

7 as to whether Jesus Flores was the person responsible for M.F.'s injuries was appropriate for the

8 circumstances based upon the investigative findings to that point.

9        e.    Advanced law enforcement training provides detectives with methods of

10 conducting interviews and interrogations. Typically, the interviews fall into two types: free format

11 interview and cognitive interview.  Interviews are typically used for dealing with persons not under

12 arrest or those not identified as suspects in criminal activity.  Interrogation training is typically geared

13 towards dealing with possible or actual suspects of criminal activity.  Often, these interrogations can

14 be confrontational, in that it is not often criminals immediately confess to criminal activity.  Thus,

15 there is advanced training that demonstrates methods of conducting confrontational interrogations.

16 The record shows the Bakersfield Police Department provides their personnel with advanced interview

17 and interrogation training, internally and externally, which Galland has attended or taught.  It is his

18 opinion that the Bakersfield Police Department's training program meets or exceeds the POST

19 Standards for conducting child abuse types of crimes and Galland is well trained for conducting those

20 types of investigations.

21        f.    Any reasonable detective would have concluded the focus of the investigation

22 towards Jesus Flores as the person responsible for M.F.'s injuries was appropriate at that point in the

23 investigation.

24        g.    The methods Galland utilized to conduct his investigation and interview during

25 this time frame comport to proper police procedures and were reasonable for the circumstances. It is

26 not uncommon for law enforcement to be taught to utilize interview and interrogation techniques that

27 challenge the person being interviewed with confrontational questions in order to determine whether

28 the individual may have involvement with the crime being investigated.  There can be questions that

MARDEROSIAN & COHEN
1260 FULTON STREET
FRESNO, CA 93721

are offered to suggest involvement in or methods used during the crime being investigated. There can be questions that are used to overcome objections by the person being interrogated. These types of questions are expected and reasonable for the well-trained detective to rely on when conducting interrogations. These types of questions can be utilized to assist the well-trained detective to find the truth from the person being interrogated. He did not find any evidence of Galland utilizing improper interview and interrogation techniques, or that he was bullying or browbeating Jesus Flores during the interview process.

h.     The investigation conducted by Galland would have provided any reasonable detective with probable cause to believe Jesus Flores had abused M.F. and that Jesus Flores' arrest was appropriate for the circumstances. It is also his opinion that it is reasonable and expected for law enforcement to utilize and rely on medical expertise to assist in developing investigations of this nature and to make a determination whether child abuse has occurred.

i.     Galland's follow-up activities demonstrate appropriate police procedures in conducting the child abuse investigation.

j.     The record reveals the District Attorney found there was sufficient evidence that Jesus Flores had caused the injuries to M.F. and they filed criminal charges against him.

k.     Members of the Bakersfield Police Department meet or exceed the training standards established by POST and that Galland was well trained for his position as an investigator/detective.

l.     There is no evidence to support a finding that Galland was inadequately supervised during his investigation. In fact, the record clearly shows Galland consulted with supervision during his investigation of this matter.

m.     There is no evidence to support any contention that any member of the Bakersfield Police Department acted negligently during any of the investigation or criminal prosecution of the case against Plaintiff.

n.     There is no evidence to support any contention that reflects that the Bakersfield Police Department has any policy, practice, custom or procedure that condones violating any persons Civil Rights.

MARDEROSIAN & COHEN
1 260 Fulton Street
Fresno, CA 93721

1          o.      There is no evidence to support any contention that reflects that the Bakersfield

2  Police Department has any policy, practice, custom or procedure to overlook or ratify supposed wrong

3  doing by members of the organization.

4        5.      I have found that Detective Galland and members of the Bakersfield Police Department

5  meet or exceed all training standards established by POST. I have found nothing in the record that

6  indicates Detective Galland was negligent in performing his duties or that he violated any of Plaintiff's

7  Civil Rights.

8        I declare under penalty of perjury under the laws of the State of California that the foregoing

9  is true and correct.  Executed on October 21, 2019, at Huntington Beach, California.

10        */s/ Curtis J. Cope*

11

      _____

12        CURTIS J. COPE

MARDEROSIAN & COHEN
1260 FULTON STREET
FRESNO, CA 93721