UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS FLORES,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF BAKERSFIELD, et al.<br><br>        Defendants. | Case No.: 1:17-cv-01393 JLT<br><br>ORDER ON DEFENDANTS' COST BILL<br><br>(Doc. 49) |

The defendants have filed their cost bill. (Doc. 49) The plaintiff objects and asserts that the Court should not award costs but, if it does, the costs should be reduced in many respects. For the reasons set forth below, the Court **GRANTS IN PART** the bill of costs and **SUSTAINS IN PART** the plaintiff's objections thereto.

**I.     Legal Standards**

Rule 54 of the Federal Rules of Civil Procedure states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." Save Our Valley v. Sound Transit, 335 F.3d 932, 944–45 (9th Cir. 2003). A district court declining to award costs to the prevailing party must specify its reasons for doing so, while a district court following the presumption need not specify any reason for its decision. Id. at 945.

## II. Discussion and Analysis

The plaintiff argues that the Court should not award costs. He relies, in part, on <u>Mexican-American Educators v. State of California</u>, 231 F.3d 572, 591 (9th Cir. 2000), for this proposition. (Doc. 50 at 2-7) Mr. Flores argues that his case raised issues of "substantial public importance involving issues that have been the subject of national controversy." (Doc. 50 at 2-5) He asserts that as this litigation "it is hoped, will lead to 'shaken baby'-type medical opinions being subjected to greater scrutiny in Bakersfield criminal prosecutions." <u>Id</u>. at 3. He argues also that the case raised close and difficult issues (<u>Id</u>. at 3-44), that his limited financial resources should preclude an award of costs and expresses concerns that if the Court awards costs, there would be a chilling effect on future actions.

Despite Mr. Flores' characterization, this case was about whether defendant Galland had probable cause to believe the infant suffered abuse inflicted by his father and whether Galland fabricated evidence that caused a wrongful prosecution of Mr. Flores. (Doc. 17 at 13 ¶ 63) This case was <u>not</u> about whether this child or any child suffered shaken baby syndrome.[1] Even if this case had been about whether the baby suffered shaken baby syndrome, the concerns about this diagnosis have existed for decades, according to Mr. Flores' retained expert (Doc. 38-15 at 13-14, 15-18), and were not brought to light by this litigation. This is different from the situation encountered in <u>Mexican-American Educators</u> in which the court and the public first learned of the claims through the filing of the litigation.

Moreover, unlike here, during the pendency of <u>Mexican-American Educators</u>, the State took mitigating action which demonstrated that the plaintiffs' case had some legal as well as factual merit. <u>Mexican-American Educators</u>, at 592. Though Mr. Flores was acquitted of the charges brought against him, this acquittal does not bear on the issues raised by him in this litigation. Moreover, the Court found no evidence that Galland acted without probable cause and no evidence the state court's determinations of probable cause resulted from fabricated evidence. Rather, the Court found the plaintiff's case <u>as framed,</u> had no legal merit.

Second, the legal issues raised in this case were not particulary "close" nor were they

---

[1] He *could* have chosen to frame this case to address the mechanism of injury but did not do so. Consequently, the Court had no occasion to determine the mechanism causing the child's condition.

2

particularly difficult. As plaintiff's counsel noted at the hearing on the motion for summary judgment, a showing of probable cause is a relatively low burden and is one made by judges regularly. In this case, Mr. Flores failed to present a difficult question relating to the existence of probable cause. Rather, he provided alternate theories for how the child was injured and different interpretations of what the officer was told, but none of this demonstrated that Galland lacked probable cause to proceed as he did or that he fabricated evidence. The information presented by Galland in the statements of probable cause reflected, if not exact quotes from the doctors, accurate characterizations of the medical opinions and adequately described the evidence Galland had uncovered. For the plaintiff to succeed in this case, the Court would have been required to announce a new standard for investigators, requiring them to investigate not only what, in their judgment the evidence shows, but all other possible explanations the defendant could offer. This was nearly insurmountable impediment to the plaintiff's success in this case and should have been uncovered pre-litigation and, presumably, the plaintiff knew this and the risks of pursuing this action but, nonetheless, decided to engage in constitutional litigation.

Third, though the Court is sympathetic to Mr. Flores' financial condition, but as just noted, the Court presumes that before he filed suit, he considered the detriments that losing this case would impose on him and chose to proceed anyhow. Unlike many litigants in this District, he had the benefit of counsel who must have advised him on this topic and, presumably, he decided to assume the risk of loss nonetheless. Even still, the Court affords this factor great weight in favor of refusing to award some costs.

Fourth, though the Court recognizes that the plaintiff and the City of Bakersfield have significantly different economic realities, this is true for even the wealthiest of people. It is the rare person indeed who has assets that could compare to those of a governmental entity. Thus, the Court rejects that this factor weighs too heavily here. Moreover, the Court is aware that the City's entire budget is not available here to bear the costs of this defense. Rather, the City's budget reflects the salaries of hundreds, if not thousands, city employees, and it reflects the costs of providing fire protection, road maintenance, parks, sewer and other services relied upon by the citizens of the city. Thus, to compare Mr. Flores' salary to the entire city budget, fails to inform this process.

Finally, the Court rejects any substantial chilling effect would arise if the Court imposes costs in

this case that is any different from the chilling effect posed by the mere existence of Rule 54.  Indeed, as noted above, the plaintiff would have *had* to have received advice from his attorney warning him that if he lost the case that, in general, the Court would be *obligated* to award costs against him.  To be of any value, part of this advice *had* to include the amount of discovery that would be needed such to provide some estimate of the potential costs.  Despite the state of the law related to costs under Rule 54 and despite the relatively minimal discretion of courts to deny costs, Mr. Flores decided to sue in this forum, nevertheless. However, based upon the considerations of the equities, the Court will refuse to award certain costs that it might otherwise allow.

### A. Costs

The Court may impose only those costs which were "necessarily incurred in the case." 28 U.S.C. § 1924; L.R. 292(b). However, "the better course" when deciding whether to award specific costs to a prevailing party was "to hew closely to the statute's language, scheme, and context, recognizing that § 1920 is narrow, limited, and modest in scope." Kalitta Air LLC v. Central Texas Airborne Sys. Inc., 741 F.3d 955, 957–59 (9th Cir. 2013).  The Supreme Court has emphasized that "taxable costs are limited by statute and are modest in scope." Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 563 (2012).

"Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts. Indeed, "the assessment of costs most often is merely a clerical matter that can be done by the court clerk." Hairline Creations, Inc. v. Kefalas, 664 F.2d 652, 656 (C.A.7 1981). Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators. It comes as little surprise, therefore, that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." 10 Wright & Miller § 2666, at 203." Taniguchi, at 573. Taniguchi continued, "Because taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920. Id. The facts and equities, and the plaintiff's indigent status require the same outcome here.

///

**A. Transcript Costs**

Title 28 U.S.C. § 1920(2) in turn provides that a "judge or clerk of any court of the United States may tax as costs ... fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Likewise, Local Rule 292(f)(3) provides that items taxable as costs include "Court reporter fees (28 U.S.C. 1920(2))." Thus, if found to be necessary to the litigation of a case, the costs of transcripts of depositions taken in a case may be taxed as costs under Rule 54 and § 1920(2). See Aflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175 (9th Cir. 1990).

The plaintiff objects that some of the costs are attributable to transcriptions of interviews, rather than depositions and, as such, they are not recoverable. The Court agrees and strikes the requests as to the transcriptions and revised transcriptions of the interviews of "Flores and Guzman" and the transcriptions of the interviews of "Ramirez, Reyes, Mendez, Guzman, Ramirez" and "Crystal Espinoza."

The Court agrees also that the videotape of the deposition of Jesus Flores is not recoverable and service costs on Bonnie Holt and Brenda Casteneda are not recoverable, since the depositions did not occur. Also, some of the costs associated with the depositions of Drs. Leo[2], Scheller[3] and Hyman[4] include expenses that are not recoverable. Thus, as to this category of costs, the Court allows $4,552.40.

### 1. Video and video synchronization

The Court declines to award costs related to video recording because these costs are not recoverable. In Kalitta Air LLC v. Central Texas Airborne Sys. Inc., 741 F.3d 955, 957–59 (9th Cir. 2013), the Court held that video synchronization, "while convenient, [it] was not an act of copying or exemplification and was not truly necessary for trial." (citing In re Williams Sec. Litig.–WCG Subclass, 558 F.3d 1144, 1147 (10th Cir. 2009) ["The 'necessarily obtained for use in the case'

---

[2] For Dr. Leo this includes costs for a digital transcript, a condensed transcript, "processing & compliance," "video-conferencing connection" and obtaining exhibits on a flash drive.
[3] For Dr. Scheller this includes costs for video conference room rates.
[4] For Dr. Hyman this includes costs for a condensed transcript, a digital transcript, "processing & compliance," and for "video-conferencing connection."

5

standard does not allow a prevailing party to recover costs for materials that 'merely added to the convenience of counsel' or the district court."]).

### B. Copy charges

Though the plaintiff objects to an award of copying charges, Local Rule 292(f)(5) permits these costs if necessarily expended. The Court agrees that obtaining the records from the Kern County Superior Court, Kern County Fire Department, Greater Bakersfield Memorial Hospital, Valley Children's Hospital, Hall Ambulance and the Kern County Sheriff's Department were necessarily incurred in this litigation. However, the defense is entitled only to the 'Basic Charge," "First Set" of records, the witness fee and the taxes on the copied pages. No other costs will be permitted associated with these subpoenas, will be allowed.

The Court declines to allow costs where the documentation fails to demonstrate to whom service was made (Doc. 49 at 11, 16, 17) or where the subpoena did not result in production of documents (Doc. 49 at 10). The Court also declines to award costs for the preparation of transcripts from the criminal trial because these costs are not recoverable. Thus, as to this category of costs, the Court allows $1,859.90.

The plaintiff agrees, though not waiving his general objections to an award of costs, that the exemplification costs, related to the Kern County Juvenile Court records in the amount of $577.30 should be allowed.

### C. Expert witness fees

Under § 1920, only compensation for "court appointed experts" and witness fees is permitted. See 28 U.S.C. § 1920. None of the experts were appointed by the Court. As such, the defense is not entitled to recover the expert fees under § 1920. On the other hand, 28 U.S.C. § 1821 provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance," including testimony at a deposition. Thus, a prevailing party may be awarded the witness fee under § 1821 for an expert who testifies at a deposition. See *Ruff v. County of Kings*, 700 F.Supp.2d 1245, 1247-48 (E.D. Cal. 2010). Consequently, the defense is entitled to $40 in costs for each of the expert witness fees.

### D. Attorney parking

The Court declines to award parking costs sought by counsel. Such costs are not permitted

under § 1920. See *Self v. FCA US LLC*, 2019 WL 1994459 at*15 (E.D. Cal. May 6, 2019) (finding costs for "conference rooms, airport parking, gasoline, rental cars, meals, and lodging... are not permitted under section 1920").

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Costs are taxed in the amount of $7,819.80 and added to the judgment.

IT IS SO ORDERED.

Dated: __**January 28, 2020**__   　　　　　__/s/ Jennifer L. Thurston__
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE